UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH L. JONES,<br><br>                Plaintiff,<br><br>      v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, JENNA KNOX, JOHN/JANE DOES 1-10, JOHN/JANE DOES 1–10,<br><br>                Defendants. | CASE NO. 2:25-cv-01696-KKE-BAT<br><br>**ORDER OF DISMISSAL** |

## I.      INTRODUCTION

This matter comes before the Court on United States Magistrate Judge Brian A. Tsuchida's report and recommendation ("R&R") to dismiss Plaintiff Joseph L. Jones's complaint. Dkt. No. 23. Jones was convicted of one count of rape of a child in the first degree in 2010 in King County Superior Court in Washington. *Id.* at 2. After he was released from state prison in 2019, he began a lifetime term of community custody. *Id.* Community custody is a form of supervised release allowing individuals to serve part of their sentence in the community instead of in prison. *Id.* Individuals in community custody must adhere to certain court-imposed conditions under supervision by a community corrections officer. Jones brought this suit against the State of Washington, Washington State Department of Corrections, former community corrections officer

ORDER OF DISMISSAL - 1

Jenna Knox, and unnamed Department of Corrections employees, challenging the constitutionality of the conditions of his community custody.

The R&R recommends dismissing Jones's complaint with prejudice based on two alternative grounds: immunity and the doctrine of *Younger* abstention. Having reviewed *de novo* the R&R, Jones's objections to the R&R (Dkt. Nos. 24), and the remaining record, the Court adopts the R&R's recommendation to dismiss Jones's claims on the basis of absolute immunity. Because immunity disposes of Jones's complaint, the Court will not reach the issue of whether it must abstain under *Younger v. Harris*, 401 U.S. 37 (1971).

## II.   ANALYSIS

**A. Defendants are immune from Jones's suit.**

The R&R finds that sovereign immunity bars Jones's claims against the state entity defendants and absolute quasi-judicial immunity bars his claims for damages against former Department of Corrections employee Jenna Knox.[1] The R&R further concludes that to the extent Jones seeks prospective injunctive relief under the immunity exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), his claim fails because he alleges Knox is no longer a community corrections officer; therefore, no injunctive relief is necessary or possible. Finally, the R&R finds that Jones's claims against unnamed John and Jane Doe defendants are barred by immunity (to the extent they are sued in their official capacities) and because Jones fails to allege how each defendant personally participated in the alleged misconduct (to the extent they are sued in their individual capacities).

---

[1] As the R&R observes, the complaint does not state whether Knox is sued in her official or individual capacity, but she is immune either way. If sued in her official capacity, Knox enjoys Eleventh Amendment immunity as an officer of a state agency. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). If sued in her individual capacity, she enjoys absolute quasi-judicial immunity. *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004); *see Gay v. Parsons*, No. 16-CV-05998-CRB, 2019 WL 3387954, at *3 (N.D. Cal. July 26, 2019), *aff'd*, 810 F. App'x 552 (9th Cir. 2020).

ORDER OF DISMISSAL - 2

|   |   |
|---|---|
| 1 | First, Jones's objections do not address the R&R's immunity analysis with respect to the |
| 2 | state entity defendants or the unnamed John and Jane Doe defendants. Instead, Jones focuses on |
| 3 | the applicability of the *Ex parte Young* doctrine and quasi-judicial immunity to his claims against |
| 4 | Knox. To the extent Jones intends to invoke *Ex parte Young* for his claims against "[t]he State |
| 5 | and [the Department of Corrections]" (Dkt. No. 24 at 3), the *Ex parte Young* doctrine does not |
| 6 | extend to claims against the State or its agencies. *See, e.g., Nat'l Audubon Soc'y Inc. v. Davis*, 307 |
| 7 | F.3d 835, 847 (9th Cir. 2002) ("[T]he … state agencies are also immune from suit because they |
| 8 | are state entities, not individual state officers."); *In re Lazar*, 237 F.3d 967, 976 n.9 (9th Cir. 2001) |
| 9 | (*Ex parte Young* doctrine "inapposite" where plaintiff sued only the state entity rather than "the |
| 10 | appropriate [state] officers"); *Douglas v. Cal. Dept. of Youth Authority*, 271 F.3d 812, 821 n.6 (9th |
| 11 | Cir. 2001) ("Because [the plaintiff] has not named a state official as a defendant in this suit, the *Ex* |
| 12 | *parte Young* doctrine does not apply."). |
| 13 | With respect to his claim against Knox in her official capacity, Jones's objections clarify |
| 14 | that he intends to advance a claim for injunctive relief under *Ex parte Young*. But he fails to |
| 15 | respond to the R&R's observation that the only state officer identified in his complaint, Knox, is |
| 16 | no longer a community corrections officer. A "proper defendant[]" in an *Ex parte Young* action |
| 17 | must be an official whose responsibilities have both "the requisite causal connection" to the |
| 18 | plaintiff's injury and "some connection" to the "enforcement of a challenged state law." *Loffman* |
| 19 | *v. Cal. Dep't of Educ.*, 119 F.4th 1147 (9th Cir. 2024) (quoting *Planned Parenthood of Idaho, Inc.* |
| 20 | *v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004)). A former officer satisfies neither requirement. |
| 21 | Therefore, Jones's claim for injunctive relief pursuant to *Ex parte Young* must be dismissed. |
| 22 | Jones also objects that Knox is not entitled to absolute quasi-judicial immunity in her |
| 23 | individual capacity because her challenged conduct involved "administrative" rather than |

ORDER OF DISMISSAL - 3

"judicial" functions. Dkt. No. 24 at 2. This argument is foreclosed by Ninth Circuit precedent, which holds that the "imposition of parole conditions" is a quasi-judicial function subject to absolute immunity. *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting *Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983)). The imposition of conditions with respect to Jones's community custody is indistinguishable in any relevant way from the imposition of parole conditions.

Because Knox is entitled to absolute quasi-judicial immunity against suit in her individual capacity and Jones cannot sue under the *Ex parte Young* exception to official immunity, the Court rejects Jones's objections to the R&R's immunity analysis.

**B. The Court does not reach the alternative ruling applying *Younger* abstention.**

The R&R also recommends dismissal on the alternative ground that the doctrine of *Younger* abstention bars Jones's claims because "the state proceeding in which [he] was convicted … is ongoing" and on appeal. Dkt. No. 23 at 5–6. The Ninth Circuit has called *Younger* abstention "an extraordinary and narrow exception to the general rule that federal courts" are obliged to "exercise … jurisdiction which is given" to them. *Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017)). At the doctrine's "heart … is the principle that 'a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations[.]'" *Duke v. Gastelo*, 64 F.4th 1088, 1093 (9th Cir. 2023) (quoting 17B Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 4251 (3d ed. 2002)). While *Younger* itself concerned an ongoing state criminal prosecution, the Supreme Court "later extended the doctrine to 'state civil proceedings that are akin to criminal prosecutions' and proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" *Id.* (quoting *Sprint*

1  *Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013)).  The Supreme Court has cautioned,
2  however, that "[a]bstention is not in order simply because a pending state court proceeding
3  involves the same subject matter." *Sprint Commc'ns, Inc.*, 571 U.S. at 72.

4        Jones argues that *Younger* abstention does not apply because his state criminal prosecution
5  "is long final" and, thus, not ongoing.  Dkt. No. 24 at 2.  The Court observes that the appeal
6  currently pending before the Washington Court of Appeals, Division I, stems from a personal
7  restraint petition Jones filed in 2022.  *See State v. Joseph L. Jones*, No. 87163-3-I (Wash. Ct. App.
8  Sept. 3, 2024).  The 2022 personal restraint petition resulted in the Washington Supreme Court
9  remanding the case to the trial court that sentenced Jones with directions to amend certain of
10 Jones's conditions of community custody.  Notice of Appeal, *Jones*, No. 87163-3-I (Wash. Ct.
11 App. Sept. 3, 2024).  Currently pending is Jones's appeal from the trial court's order amending
12 those conditions pursuant to the Supreme Court's direction.  *Id.*  In Washington, "[a] personal
13 restrain petition is not" the equivalent of "a direct appeal" of a criminal conviction but, rather, a
14 procedure for obtaining "collateral review" of a petitioner's confinement.  *Matter of St. Pierre*,
15 823 P.2d 492, 496 (Wash. 1992); *cf. McGhee v. Arizona*, No. CV2308601PCTSRBESW, 2024
16 WL 1658159 (D. Ariz. Apr. 17, 2024) (abstaining under *Younger* where "Post-Conviction Relief"
17 petition pending in Arizona state court was "the functional equivalent of a direct appeal" for
18 defendants who pleaded guilty).

19       As noted above, *Younger*'s application is not necessarily limited to ongoing state criminal
20 prosecutions and direct appeals.  Rather, *Younger* abstention is appropriate where (1) "there is an
21 ongoing state judicial proceeding"; (2) "the proceeding implicates important state interests"; (3)
22 "there is an adequate opportunity in the state proceedings to raise constitutional challenges"; and
23 (4) "the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state

ORDER OF DISMISSAL - 5

judicial proceeding." *Duke*, 64 F.4th at 1094 (citation modified).  Though the Court agrees with the R&R that there appears to be significant overlap between the relief sought in the pending state court appeal and this case, courts have not uniformly found ongoing collateral-review proceedings in state court to warrant abstaining under *Younger*.  *See, e.g., McKinnon v. Washington Dep't of Corr.*, No. C21-5097-BHS-MLP, 2021 WL 1894071, at *2 (W.D. Wash. May 11, 2021) (holding that "personal restraint proceeding" challenging "the conditions of [plaintiff's] current confinement" fell "outside the categories of cases to which *Younger* abstention applies"); *Corchon v. Jaime*, 2020 WL 1157201, at *3 (S.D. Cal. Mar. 9, 2020) (*Younger* abstention not appropriate where petitioner's "direct appeal [had] concluded, his judgment affirmed, and the only pending matter in state court [was] a post-conviction habeas petition"); *Washington v. Hall*, No. C 05-4139 SI(PR), 2006 WL 1305238, at *1 n.1 (N.D. Cal. May 11, 2006) ("[I]t is not clear that the *Younger* abstention doctrine applies when there is a state habeas petition pending, as opposed to … ongoing criminal proceedings pending in state court.").  Given the posture of this case, which does not permit the benefit of full briefing on the issue, and because Jones's claims are barred, in any event, by immunity, the Court declines to wade into whether the pending proceedings on Jones's personal restraint petition require abstention.

### III.  CONCLUSION

The Court ORDERS the following:

(1) The Court ADOPTS the Report and Recommendation except Section B ("*Younger* Abstention").

(2) The case is DISMISSED with prejudice.  Leave to amend is denied as futile.

(3) All pending motions, Dkts. 3, 10, 14, 18, 25, and 31 are STRICKEN as moot.

ORDER OF DISMISSAL - 6

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 14th day of January, 2026.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge

ORDER OF DISMISSAL - 7